ALBINA CHARTANOWICZ *et al. vs.* FRANK POLEWKA, *Admr.*

MAY 13, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a probate appeal from a decree entered in the probate court of Central Falls, allowing the first and final account of Frank Polewka as administrator of the estate of Michol Polewka, deceased. The appeal from this decree was tried in the superior court and resulted in a verdict by the jury, approving the administrator's account. Subsequently the motion of the appellants for a new trial was denied by the trial justice. The case is before us only on the appellants' exception to such ruling, all of the other exceptions being waived.

The appellee is Frank Polewka who was appointed by the probate court as administrator of the estate of Michol Polewka, a deceased citizen of the United States. The appellants are eighteen nephews, nieces and descendants of certain nephews and nieces of the late Michol Polewka, all living in the Republic of Poland. In the superior court, upon motion of the appellants, the Consul-General of Poland in the United States was admitted as a party but we are not concerned here with that phase of the case.

The appellants at the trial questioned only two items of the account of the appellee as administrator of the above estate. The disputed items were No. 5, in the amount of $791.86, for expenses of a trip by him to Poland to locate heirs of the deceased; and No. 11, in the amount of $750, for the administrator's fee.

The evidence shows the following facts. Michol Polewka died at Central Falls on June 30, 1933, having executed a will written in the Polish language. The will was witnessed by Frank Polewka, the appellee, and was left in his custody by the testator. When Michol Polewka died the appellee immediately showed the will and other papers of the deceased to one Stanley Novak, a real estate man who apparently acted as an interpreter for some of the Polish people in his community. The appellee was a man of little education and relied entirely upon the advice of Novak that the instru-

ment in the Polish language was not good as a will in the United States.

Upon Novak's advice, and with him to interpret, the appellee went to a reputable attorney. He took with him all of the deceased's papers except the will; and a petition for administration then was made out by the attorney. Neither the appellee nor Novak told the attorney of the existence of the written instrument purporting to be a will. The petition for administration was signed by the appellee but did not mention all of the deceased's heirs and next of kin living in Poland. It did, however, include himself as a cousin and next of kin of the deceased, and also recited that Michol Polewka died unmarried and intestate.

At that time only one heir living in Poland was definitely known and he was included in the petition among the next of kin. After his appointment as administrator, the appellee made numerous attempts to communicate by mail with the above-mentioned heir, Rev. Franciszek Polewka. Some letters were returned "unsealed" but other registered mail was delivered to him in Poland. The appellee's attorney also wrote letters to this heir and to the American Consul in Poland, who located the Rev. Franciszek Polewka and tried to induce him to forward to the appellee's attorney the names and addresses of any other heirs of the deceased who lived in Poland. All these efforts were unsuccessful.

Some time later, the situation was brought to the attention of the probate judge, who advised a further delay to await a possible reply to the last communication to Rev. Franciszek Polewka. When no word from him came within a reasonable time, the appellee's attorney again in open court suggested and advised a trip to Poland by the appellee as the best way to locate the next of kin. Under the circumstances as they were shown to the probate court, the appellee was authorized by that court to make the trip to Poland for this purpose. He thereupon gave up his position, which paid $24.60 weekly, and made arrangements to take the trip.

On the day he was to sail, the appellee went to the New York office of the Consul-General of Poland at the request of a secretary therein. There is dispute upon what happened at this time. The appellants claim the appellee was told that the trip was unnecessary, since that office could get the desired information. The appellee denied this and testified that the secretary informed him of the receipt of several letters from Rev. Franciszek Polewka, without showing them, and merely requested copies of the petition and various papers in the estate.

It is not disputed that the Consul-General's office had not obtained and did not show the appellee any list of purported heirs, although it was aware of the death of Michol Polewka leaving an estate. The appellee already had bought his ticket and he sailed that same afternoon. Rev. Franciszek Polewka, whom he finally located, told the appellee that the only heirs and next of kin of the deceased were the seven people whose names the appellee brought back with him. These heirs promised to forward to the appellee authentication of their births and relationship to the deceased, to be obtained in accordance with formalities which, he testified, were required in such matters by Poland. The appellee lost his work and pay during the twenty-eight days consumed by his trip, and suffered considerable inconvenience and incurred additional expenses for himself and the Rev. Franciszek Polewka whose assistance he had sought and relied upon in locating other heirs.

In May 1936 the will apparently was shown to another attorney and on his advice it was filed for probate. The appellee included in the petition the names of the seven heirs and next of kin living in Poland, whom he had located by his trip to Poland with the aid of the Rev. Franciszek Polewka. The appellee testified that he had no reason to doubt the list of heirs mentioned to him by Rev. Franciszek Polewka; and that some of the names presented by the list of appellants were never mentioned to him by Rev. Francis-

zek Polewka, who admittedly was an heir and should have known all the other next of kin.

There was much other evidence in the development of these general facts, but enough has been recited to indicate the nature of the evidence and the respective contentions of the parties. The appellants contend that, by his failure to file the will in the probate court, in accordance with general laws 1923, chap. 361, sec. 5, and to notify his attorney that there was such an instrument, and to mention in the petition the existence of the will and all of the deceased's heirs and next of kin living in Poland, the appellee disclosed an entire lack of good faith. They also contend that the trip of the appellee to Poland was unnecessary, because the information could have been obtained through the office of the Consul-General of Poland in the United States; and that the appellee by his trip did not locate all of the heirs and next of kin, or if he did, he failed to disclose them later to his attorney and to the court.

On the other hand, the appellee contends that the evidence shows that he acted in good faith throughout in relying upon advice given him by Novak and by the Rev. Franciszek Polewska, neither of whom he had any reason to distrust; that he took the trip, at great inconvenience and expense, upon the suggestion and advice of his attorney and only after authorization by the probate court, when other reasonable methods had failed to locate the heirs; and that his failure to present the will earlier was solely because of Novak's advice and that he did not conceal the will, having disclosed it to Novak and others, including the Consul-General's office.

Novak was not called by either party to testify. Therefore, on the undisputed testimony, Novak was made out to be a meddler whose advice resulted, in effect, in a violation of law. Whether that advice was intentionally wrongful, we cannot say on the incomplete evidence as it comes to us. Assuming, however, as we must on this evidence, that his ad-

vice was given in good faith and was unintentionally wrongful, it nevertheless misled the appellee, and such conduct is not approved and should not be repeated.

The parties are not in dispute upon the rule of law that the appellee, as administrator, is not entitled to recover any fee, or even the expense of such a trip, if he failed to act in good faith and for the benefit of the estate. The controlling question, therefore, was whether the appellee acted throughout in good faith and for the benefit of the estate.

The evidence in the case squarely raised this issue, which was one of fact. The trial justice's clear and adequate instructions upon the law specifically directed the jury to this underlying question of good faith, and no exception was taken thereto. The jury saw and heard the witnesses and apparently believed that the appellee acted in good faith and was entitled to have these items allowed in his account.

In ruling upon the appellants' motion for a new trial, the verdict of the jury was approved by the trial justice who considered the evidence and issues and also stated in his decision that the appellee "impressed the court with his frankness." During the trial the appellee was submitted to very exhaustive and severe cross-examination without weakening his testimony or altering the trial justice's opinion of his credibility.

We have examined the transcript and are of the opinion that the case presented "a pure simple question of fact", as the trial justice said, to be determined almost entirely upon the credibility of the witnesses. The evidence for the appellee, if believed, is sufficient to support the verdict of the jury. This evidence and verdict have been expressly approved by the trial justice, who also heard and saw the witnesses, among whom included the probate judge and the appellee's attorney. As we cannot say, from what has been shown by the appellants, that the trial justice was clearly wrong, the exception of the appellants cannot be sustained.

All of the appellants' exceptions are overruled, and the case is remitted to the superior court for further proceedings following the verdict.

*Frank F. Pinkos,* for appellants.

*Bernard B. Abedon,* for appellee.